**KOYLUM, INC., Plaintiff–Appellant,**

**Adnan Kiriscioglu and Erol Bayraktar, Third–Party–Defendants– Appellants,**

v.

**1677 RIDGE ROAD REALTY CORP., a necessary party, Defendant–Third– Party–Plaintiff–Appellee,**

**Peksen Realty Corp., successor by merger to Ridge Petroleum Realty Corp., formerly known as Route 25 Calverton Realty Corp., Defendant.**

No. 05–1403–CV.

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Kenneth L. Robinson, Robinson & Associates, P.C., Syosset, N.Y., for Plaintiff–Appellant and Third–Party–Defendants–Appellants.

Robert G. Del Gadio, Law Offices of Robert G. Del Gadio, East Meadow, N.Y., for Defendant–Third–Party–Plaintiff–Appellee.

Present: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Koylum, Inc. and Third–Party–Defendants–Appellants Adnan Kiriscioglu and Erol Bayraktar (collectively "Koylum") appeal the final judgment of the district court (Spatt, *J.*) awarding Defendant–Third–Party–Plaintiff–Appellee 1677 Ridge Road Realty Corp. $270,397.00 in damages, $100,276.54 in interest, and $2,765.00 in previously awarded costs, for a total sum of $373,438.54. In particular, Koylum contends that the district court erred in holding that Defendant Peksen Realty Corp. and its successor in interest 1677 Ridge Road Realty Corp. properly terminated the motor fuel franchise agreement with Koylum pursuant to the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801–2841; that the liquidated damages provision in the lease agreement between Koylum and Peksen was enforceable against Koylum as a holdover tenant; and that 1677 Ridge was entitled to prejudgment interest at the state rate of 9% per annum. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of issues presented on appeal, which we reference only as necessary to explain our decision.

With one exception, we affirm the judgment of the district court, substantially for the reasons given below. Peksen's termination of the franchise relationship for misbranding was proper under the Supply and Lease Agreements, the Rider to the Supply Agreement, and the Petroleum Marketing Practices Act. *See* 15 U.S.C. § 2802(c)(10) (listing "willful adulteration, mislabeling or misbranding of motor fuels

or other trademark violations by the franchisee" as events justifying termination or nonrenewal); *Amoco Oil Co. v. D.Z. Enterprises,* 607 F.Supp. 595, 599 (E.D.N.Y. 1985) (gas station franchisee's "argument that the agreement with Amoco allowed the purchase and sale of non-Amoco gasoline from defendant's station is irrelevant. The agreement did not allow the use of Amoco-branded or owned equipment for the storage or sale of non-Amoco products."). Moreover, with the exception discussed below, the district court correctly concluded that Koylum was a holdover tenant after the termination of the Lease Agreement and that the liquidated damages clause calling for double rent during any holdover period was enforceable. *See, e.g., Truck Rent–A–Center, Inc. v. Puritan Farms 2nd, Inc.,* 41 N.Y.2d 420, 425, 393 N.Y.S.2d 365, 361 N.E.2d 1015 (N.Y.1977). Finally, application of the state prejudgment interest rate with respect to the state law claim for liquidated damages was appropriate. *See* N.Y. C.P.L.R. §§ 5001, 5004; *Mallis v. Bankers Trust Co.,* 717 F.2d 683, 692 n. 13 (2d Cir.1983).

However, we disagree with the district court to the extent that it found Koylum liable for liquidated damages as of October 6, 1998. While first Peksen and then 1677 Ridge had filed a number of different types of petitions in state court in an attempt to seek liquidated damages from Koylum, the November 4, 1999 settlement agreement between 1677 Ridge and Koylum specifically provided that all prior state court proceedings between those parties were to be discontinued with prejudice. Accordingly, 1677 Ridge waived any right to seek liquidated damages based on a claim that Koylum was holding over for the period between October 6, 1998 and November 4, 1999, making any effect of 1677 Ridge's having filed simultaneous holdover petitions and nonpayment of rent petitions in state court prior to the settlement agreement moot. The settlement agreement did not, however, preclude 1677 Ridge from seeking liquidated damages for any holdover period going forward from November 4, 1999 and, for the reasons explained by the district court, 1677 Ridge is entitled to liquidated damages from that time forward.

We have considered all of Koylum's other arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED in part and VACATED and REMANDED in part for the district court to recalculate the damages using November 5, 1999 as the starting date for which damages are available.